# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KOU LEE,

### Plaintiff,

v.                                          Case No. 25-CV-1249

HON. VINCENT R. BISKUPIC, et al.,

### Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is Kou Lee's Request to Proceed in District Court without Prepaying the Filing Fee.

Having reviewed the plaintiff's request, the court concludes that the plaintiff lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

However, because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915.

Lee seeks to sue the persons and entities involved in his prosecution in Outagamie County Circuit Court case number 2024CM000025. He asks the court to intervene in the state court action to not only award him compensatory and punitive

damages but to enjoin the enforcement of the court's order of probation. (ECF No. 1 at 3.)

This court has no authority to grant Lee the relief he seeks because the *Rooker-Feldman* doctrine deprives the court of jurisdiction in this matter. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the *Rooker-Feldman* doctrine." *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003).

The doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), also bars Lee's claims. The relief that Lee seeks would necessarily imply the invalidity of his conviction which has not been set aside by appeal, collateral review, or pardon. *See Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008).

Insofar as any individual claim may elude these broad and categorical defects, Lee's claims against each defendant fail for independent reasons. Circuit Court Judge Vincent R. Biskupic and Assistant District Attorneys Elysia Beth Nguyen and Chuck M. Stertz are absolutely immune from suit for their actions in Lee's case. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (judicial immunity) *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (prosecutorial immunity). Similarly, probation officer Samantha Hoffer is entitled to quasi-judicial immunity for her actions enforcing probation conditions imposed by the court. *See Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992).

So too are the unnamed clerks of the Outagamie County Circuit Court who allegedly failed to docket certain documents that Lee submitted. *See id.*

"Officer Mulroy" of the Outagamie County Sheriff's Department allegedly "[a]uthored fabricated police report" and was "absent at trial." (ECF No. 1 at 1.) Specifically, Lee notes that Mulroy referred to the victim of the offense as "Sara." (ECF No. 5-2); the victim's first name was apparently Mary (ECF No. 1 at 2). In Lee's view, the court's reliance on this police report despite Mulroy's failure to appear violated the Confrontation Clause. (ECF No. 4 at 2.) These allegations, which are conclusory and undeveloped, do not state a plausible constitutional claim.

Finally, in the absence of a plausible constitutional claim, there is no basis for claim against Outagamie County under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 524 (7th Cir. 2023).

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's complaint and this action are **dismissed** for lack of jurisdiction. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's "Motion for Temporary Restraining Order" (ECF No. 3) is **denied**.

Dated at Green Bay, Wisconsin this 21st day of August, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
